Cynthia SALOMON, Plaintiff,

v.

**ROCHE COMPUCHEM LABORATO-RIES, INC., American Airlines, Inc., and Dr. James Yiannou, Defendants.**

No. 95 CV 934 (SJ).

United States District Court,
E.D. New York.

Dec. 13, 1995.

Seham, Seham, Meltz & Petersen by Lee Seham, New York City, for Plaintiff.

Patterson, Belknap, Webb & Tyler by Gordon L. Demario, New York City, for Defendant Roche CompuChem Laboratories, Inc.

Paul, Hastings, Janofsky & Walker, by Cheryl Saban, New York City, Paul, Hastings, Janofsky & Walker by Patrick Shea and Lawrence Peikes, Stamford, Connecticut, for Defendants American Airlines, Inc. and Dr. James Yiannou.

JOHNSON, District Judge:

## INTRODUCTION

Cynthia Salomon, Plaintiff, brings this action for injunctive relief alleging that Roche CompuChem Laboratories, Inc. ("CompuChem"), American Airlines, Inc. ("American Airlines"), and Dr. James Yiannou (collectively, the "Defendants") violated the disclosure obligations set forth in 49 C.F.R. § 40.37 by refusing to provide Plaintiff with certain records related to certification inspections conducted in 1994. Before this Court is Defendants' motion to dismiss the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

## BACKGROUND

Plaintiff was employed as a flight attendant by American Airlines. A representative of American Airlines notified Plaintiff on June 5, 1994 that she had been selected for a random drug test pursuant to 14 C.F.R. Part 121, Appendix I. On the same day, Plaintiff provided a urine sample for drug testing purposes at a collection site located at John F. Kennedy Airport, Queens, New York. Plaintiff's specimen was sent to CompuChem for testing.

On June 9, 1994, Plaintiff's Supervisor, Rubin Flores, instructed Plaintiff to contact American Airlines Medical Review Officer, Dr. Yiannou. When Plaintiff contacted Dr. Yiannou, Dr. Yiannou informed Plaintiff that she had tested positive for cocaine. Dr. Yiannou also told Plaintiff that she was suspended immediately without pay.

By letter dated December 10, 1994, Plaintiff requested that CompuChem provide her with records relating to CompuChem's certification and information relevant to chain-of-custody issues. Specifically, Plaintiff sought records relating to CompuChem's certification in 1994 by the Department of Health and Human Services, the Substance Abuse and Mental Health Services Administration, and other certification programs. Although Plaintiff received a "Laboratory Documentation Package" which contained laboratory documents regarding Plaintiff's drug test, Plaintiff did not receive the certification documents she requested, despite repeated requests. Plaintiff made the same request to Dr. Yiannou and American Airlines. This action followed.

## DISCUSSION

I. *Rule 12(b)(6) Standard*

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Green v. Maraio*, 722 F.2d 1013, 1015–16 (2d Cir.1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). The court must accept as true all material facts well-pleaded in the complaint and must make all reasonable inferences in the light most favorable to the plaintiff. *In re Energy Sys. Equip. Leasing Sec. Litig.*, 642 F.Supp. 718, 723 (E.D.N.Y. 1986).

## II. *Drug Testing Regulations*

 Plaintiff alleges that Defendants violated the disclosure obligations set forth in 49 C.F.R. § 40.37, which provides in full:

> Any employee who is the subject of a drug test conducted under this part shall, upon written request, have access to any records relating to his or her drug test and any records relating to the results of any relevant certification, review, or revocation-of-certification proceedings.

A private right of action is not expressly provided for in this regulation. Thus, Plaintiff's claim fails unless a private right of action exists by clear implication from the legislative scheme. *Platzer v. Sloan–Kettering Institute,* 787 F.Supp. 360, 364–65 (S.D.N.Y.1992), *aff'd,* 983 F.2d 1086 (2d Cir. 1992), *cert. denied,* 507 U.S. 1006, 113 S.Ct. 1648, 123 L.Ed.2d 270 (1993).

The relevant enabling statute is the Omnibus Transportation Employee Testing Act of 1991 (the "Testing Act"), which establishes guidelines for the promulgation of the statutorily mandated drug testing regulations. *See* 49 U.S.C. § 45102(a). Like the regulations themselves, the Testing Act is silent with respect to the existence of a private right of action to enforce the regulations.

Under 49 U.S.C. § 46101(a)(1), however, an individual may complain in writing to the Secretary of Transportation about an alleged violation of the drug testing regulations. The Secretary of Transportation may then investigate the allegation, dismiss the complaint without a hearing if the complaint fails to allege facts sufficient to warrant an investigation, or conduct a hearing to determine the merits of the allegation. 49 U.S.C. § 46101, *et seq.* If a violation is found, the Secretary of Transportation would issue an order compelling compliance. *Id.* The Secretary of Transportation may also "bring an action against a person in a district court of the United States to enforce this part or a requirement or regulation prescribed . . . under this part." *Id.* Moreover, the Secretary of Transportation may request that the Attorney General initiate such an enforcement action. *Id.*

 Thus, there is an administrative enforcement mechanism in place to address alleged violations of the drug testing regulations. Since Congress has not explicitly provided for a private right of action in such cases, Plaintiff must show that Congress intended to make a private remedy available. *Suter v. Artist M.,* 503 U.S. 347, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992).

 Having reviewed the Record in this case, this Court finds that Plaintiff has failed to make such a showing. In ascertaining whether a private right of action exists under a federal statute, courts are to consider several factors: (1) whether the plaintiff is part of the class for whose special benefit the statute was passed; (2) whether the legislative history indicates a congressional intent to confer a private right of action; (3) whether a federal cause of action would further the underlying purpose of the legislative scheme; and (4) whether the plaintiff's cause of action is a subject traditionally relegated to state law. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 810–11, 106 S.Ct. 3229, 3233–34, 92 L.Ed.2d 650 (1986); *California v. Sierra Club,* 451 U.S. 287, 293, 101 S.Ct. 1775, 1779, 68 L.Ed.2d 101 (1981); *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975).

 In the instant action, the relevant statute is framed as a general mandate to the Federal Aviation Administration to establish drug testing regulations. No rights are created in the statute for a specific class of persons. Moreover, Congress has expressly provided for enforcement of the drug testing regulations through the administrative mechanism outlined above. In the absence of evidence indicating a contrary congressional intent, this Court must find that Congress intended to provide only the remedy it deemed appropriate. *Karahalios v. Nat'l Federation of Federal Employees, Local 1263,* 489 U.S. 527, 533, 109 S.Ct. 1282, 1287, 103 L.Ed.2d 539 (1989). Since there is no evidence that Congress contemplated individual enforcement actions under 49 C.F.R. § 40.37, this Court declines to fashion a new remedy for the enforcement of the drug testing regulations. *See Universities Research Ass'n, Inc. v. Coutu,* 450 U.S. 754, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981). Accordingly, Plaintiff's Complaint asserting an implied right cannot survive the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is hereby GRANTED.

SO ORDERED.