**Oswald HALL, Plaintiff**

v.

**UNITED LABS, INC., et al., Defendants**

**No. 4:97CV1420.**

United States District Court,
N.D. Ohio,
Eastern Division.

Nov. 24, 1998.

---

Barry R. Laine, Anthony P. Sgambati, II, Green, Haines, Sgambati, Murphy & Macala, Youngstown, OH, for Oswald Hall.

Oswald Hall, Youngstown, OH, pro se.

Patrick M. McLaughlin, Colin R. Jennings, McLaughlin & McCaffrey, Cleveland, OH, for United Labs, Inc.

Marshall J. Tindall, Mary Kate Coleman, Davies, McFarland & Carroll, Pittsburgh, PA, for Dr. Randy Dalbow.

## MEMORANDUM OPINION
## AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the Motions to Dismiss Plaintiff's Second Amended Complaint by Defendants United Labs, Inc. (Dkt.# 55) and Dr. Randy Dalbow (Dkt.# 56).

Plaintiff's Second Amended Complaint alleges violations of the Code of Federal Regulations ("CFR"), specifically 49 C.F.R. § 40.33, misrepresentation, tortious interference with the employment relationship, intentional infliction of emotional distress, negligence, and defamation. Jurisdiction is predicated upon both 28 U.S.C. §§ 1331 and 1332. For the reasons set forth below, the Court finds these motions to be meritorious.

"A Motion to Dismiss may only be granted if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544 (6th Cir.1991) *citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For the purposes of a motion to dismiss, "all allegations in the complaint must be taken as true and construed in a light most favorable to the nonmovant." *Ang,* 932 F.2d at 544. However, the sufficiency of the complaint is a question of law and the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

The facts of this case are not in dispute. Plaintiff was an employee of the Schwebel Baking Company ("Schwebel"). In May, 1996, Plaintiff was subjected to a random drug test, pursuant to regulations promulgated under the authority of 49 U.S.C. § 31306. Plaintiff was discharged as a result of a positive test for marijuana use. Plaintiff filed a union grievance. An arbitrator awarded Plaintiff back pay and reinstatement, as testimony given at the arbitration hearing revealed that Plaintiff's test was never reviewed by a Medical Review Officer, as required by 49 C.F.R. § 40.33.

### C.F.R.

A private right of action is not expressly provided for in § 40.1, *et seq.* Thus, Plaintiff's claim fails unless a private right of action exists by clear implication from the legislative scheme.

■ In ascertaining whether a private right of action exists under a federal statute, courts are to consider several factors: (1) whether the plaintiff is part of the class for whose special benefit the statute was passed; (2) whether the legislative history indicates a congressional intent to confer a private right of action; (3) whether a federal cause of action would further the underlying purpose of the legislative scheme; and (4) whether the plaintiff's cause of action is a subject traditionally relegated to state law. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 810–811, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

■ The relevant statute in the case *sub judice* is framed as a general mandate to establish drug testing regulations. No rights are created in the statute for a specific class of persons. Furthermore, the Department of Transportation has expressly provided for enforcement of the drug testing regulations through an administrative mechanism. *See* Enforcement Considerations, 54 Fed.Reg. 230 at 49865 (December 1, 1989).

Consequently, there is no evidence that Congress contemplated individual enforcement actions under 40.33, and this Court declines to fashion a new remedy for the enforcement of the drug testing regulation.

Several district courts have reached the same conclusion based on similar sections of the C.F.R. *Drake v. Delta Airlines, Inc.,* 923 F.Supp. 387 (E.D.N.Y.1996); *See also Salomon v. Roche Compuchem Laboratories, Inc.,* 909 F.Supp. 126 (E.D.N.Y.1995); *Abate v. Southern Pacific Transportation Co.,* 928 F.2d 167 (5th Cir.1991). Therefore, Plaintiff's C.F.R. claim must be dismissed as a matter of law.

### Misrepresentation

■ The elements of misrepresentation are (1) a material false representation or concealment; (2) knowingly made or con-

cealed; (3) with the intent of misleading another into relying on it; (4) *reliance, with a right to do so, upon the representation or concealment by the party claiming injury;* and (5) injury resulting from the reliance. *Greenwalt v. Goodyear Tire and Rubber Co.,* 164 Ohio St. 1, 128 N.E.2d 116, 119 (Ohio 1955)(emphasis added). Plaintiff has not pled sufficient facts to establish the fourth element, that is, that *Plaintiff* relied upon Defendant's representation. Therefore, Plaintiff's misrepresentation claim must be dismissed.

### Tortious Interference with Employment Relationship

■ The tort of business interference occurs when a person, *without a privilege,* induces or otherwise purposely causes a third party not to enter into, or continue, a business relationship with another, or perform a contract .with another. *Juhasz v. Quik Shops, Inc.,* 55 Ohio App.2d 51, 57, 379 N.E.2d 235 (1977)(emphasis added).

■ In determining whether there is a privilege to act, a court must consider (1) the nature of the actor's conduct; (2) the nature of the expectancy with which his conduct interferes; (3) the relations between the parties; (4) the interest sought to be advanced by the actor, and; (5) the social interests in protecting the expectancy on the one hand and the actor's freedom on the other hand. *Id. See also Contadino v. Tilow,* 68 Ohio App.3d 463, 589 N.E.2d 48 (Ohio App.1st Dist.1990).

■ Defendants were employed by Plaintiff to analyze the results of mandated employee drug tests. Clearly, Defendants were privileged to intervene in the employer-employee relationship to report positive test results. Failure to report such results might have resulted in the termination of Defendants' contractual relationship with Schwebel.

Therefore, Defendants were acting to "protect properly a legally protected interest of their own which they believed may otherwise be impaired or destroyed by the performance of the contract." *Id.* Therefore, Plaintiff's tortious interference with employment relationship claim must be dismissed as a matter of law.

### Negligence

■ To establish liability for negligence, one must prove the existence of a duty, a breach of that duty, and injury proximately resulting from that breach. *Menifee v. Ohio Welding Products, Inc.,* 15 Ohio St.3d 75, 472 N.E.2d 707, 711 (Ohio 1984). The existence of a duty in a negligence action is a question of law for the Court to determine. *Blanton v. Pine Creek Farms,* 100 Ohio App.3d 677, 654 N.E.2d 1027, 1032 (Ohio App.4th Dist.1995). There is no formula for ascertaining whether a duty exists. *Id.* Duty "is the court's 'expression of the sum total of those considerations of policy which lead a law to say that the particular plaintiff is entitled to protection.'" *Id. citing* Prosser, *Law of Torts* 225–226 (4 Ed.1971).

■ In the case at bar, Plaintiff attempts to impose a duty "to conduct the test in a diligent manner in accordance withe federal administrative regulations which govern such testing." (Plaintiff's Second Amended Complaint at ¶ 33). However, the imposition of this duty is simply another effort to bootstrap Defendants' code violation into a private cause of action. Furthermore, the C.F.R. clearly states that *"employers* are responsible for the compliance of their officers, employees, agents consortia and/or contractors with the requirements of this part." 49 C.F.R. § 40.1 (emphasis added).

Therefore, Plaintiff's has failed to identify a duty owed to him by Defendants, and, consequently, his negligence claim must be dismissed as a matter of law.

### Defamation

Defamation is defined as a false publication causing injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame or disgrace, or effecting him adversely in his trade or business. O.R.C. § 2739.01 (Banks–Baldwin 1953).

■ Ohio courts have established that in order to state a cause of action, Plaintiff must prove the following: (1) that the claimed words were published; (2) that the

words were published by the Defendants; (3) that the words were published intentionally and maliciously; (4) that the words were communicated to one or more persons other than the parties to the lawsuit; and (5) that the words were damaging. *Cuyahoga Piping & Sheet Metal v. Wilson,* 1987 WL 8131 at *3 (Ohio App.8th Dist. 1987).

 However, defamation is subject to the defense of qualified privilege. A qualified privilege is recognized where the publisher and the recipient have a common interest, and the communication is of a kind reasonably calculated to protect or further it. Frequently, there is legal, as well as moral, obligation to speak, and oftentimes, involves those who have entered business dealings with one another. *Hahn v. Kotten,* 43 Ohio St.2d 237, 331 N.E.2d 713 (1975).

Clearly, Defendants had a qualified privilege to communicate the positive results of hall's drug test to Schwebel. The communications were made in a confidential manner, and Defendants were acting pursuant to their duty, in other words, their legal obligation, to communicate the positive result. Therefore, Plaintiff's defamation claim must be dismissed as a matter of law.

## Intentional Infliction of Emotional Distress

In order to recover on an action for intentional infliction of emotional distress, Plaintiff must prove that (1) Defendants either intended to cause emotional distress to the Plaintiff; (2) Defendants' conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community"; (3) Defendants' actions were the proximate cause of Plaintiff's psychic injuries; and (4) the mental anguish suffered by Plaintiff is serious and of a nature that "no reasonable man could be expected to endure it." *Pyle v. Pyle,* 11 Ohio App.3d 31, 463 N.E.2d 98, 103 (1983). Ohio courts have held that a party must act in an extreme and outrageous manner, a manner in which if the story is told would extract the exclamation of "outrageous!" from a reasonable person. *Id.*

The Court concludes that Defendants' conduct, as alleged in Plaintiff's Second Amended Complaint, does not rise to the level of being so outrageous as to shock the reasonable person or to offend all sense of decency. *Id.* Therefore, Plaintiff's intentional infliction of emotional dismiss claim must be dismissed as a matter of law.

## Conclusion

As this Court holds that Congress did not intend to create a private right of action with regard to federal drug testing, and Plaintiff has not pled sufficient facts to support his remaining claims, Defendants' motions to dismiss (Dkt.è55, 56) are hereby **GRANTED**.

**IT IS SO ORDERED.**